IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAYMOND BLAND, | ) | |
|     Petitioner, | ) | Civil Action No. 7:11-cv-00380 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KEITH W. DAVIS, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Raymond Bland, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and sentence in the Martinsville Circuit Court. The court finds that Bland's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

I.

On June 22, 2009, the Martinsville Circuit Court entered judgment against Bland, convicting him of several counts of distributing cocaine and sentencing him to a total term of 50 years incarceration. Bland did not appeal. Bland filed a habeas petition in the Martinsville Circuit Court on February 10, 2011, which was dismissed on April 18, 2011. He appealed to the Supreme Court of Virginia on May 6, 2011 and the court refused his petition on June 8, 2011. Bland filed his instant § 2254 habeas petition on August 8, 2011. The court conditionally filed his petition, advised him that the petition appeared to be untimely, and gave him an opportunity to respond to the court regarding the timeliness of his petition.

II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. §

1

2244(d).[1]  Bland did not meet this one-year statute of limitations.  Bland had 365 days from July 22, 2009, the date on which his conviction became final, to file his federal habeas petition. Bland did not meet this July 22, 2010 deadline; in fact, by that date, Bland had yet to file his state habeas petition.[2]  Accordingly, Bland's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3]  Bland has made no such demonstration.

Despite being given the opportunity to amend his petition, Bland makes no argument to support equitable tolling of the statute of limitations.  Accordingly, the court finds that Bland has not demonstrated any grounds for equitable tolling and thus, his petition is untimely filed.

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D).  Here, Bland has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Bland's conviction became final on July 22, 2009, when his time to file an appeal expired.

[2] Bland's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Bland no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case.  See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).  Otherwise, an untimely petition must be dismissed by a federal district court.  28 U.S.C. § 2244(d)(1)(A)-(D).  A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims."  Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)).

## III.

For the reasons stated, the court dismisses Bland's petition as untimely filed.

The Clerk is directed to send a copy of this opinion and the accompanying order to petitioner.

**ENTER**:  This 29th day of August, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE